Opinion issued June 5. 2003
















  
 

 

In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-01-00331-CR
____________
 
RAUL MALDONADO MONTALVO, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee
 

 
 
On Appeal from the 240th District Court
Fort Bend County, Texas
Trial Court Cause No. 33,395A
 

 
 
MEMORANDUM OPINION
          Appellant, Raul Maldonado Montalvo, pleaded not guilty to murder, and a jury
found him guilty and sentenced him to 10 years in prison. In four points of error,
appellant argues that the trial court erred when it (1) denied his motion to suppress
his confession, (2) denied his motions for mistrial as a result of improper jury
argument and an emotional outburst by the victim’s family, and (3) failed to submit
a jury instruction on the lesser-included offense of aggravated assault. We affirm.
Background
          In May of 2000, 72-year-old appellant and 57-year-old Josefina Garza were
introduced by friends. Garza was still living in Mexico, but, one month later, moved
to Texas to live with appellant.
          On June 23, 2000, appellant and Garza went shopping and then stopped by
Lupe Gutierrez’s house. Appellant told Gutierrez what he had bought at the store and
mentioned some jewelry he bought for Garza. Appellant testified that Garza said,
“You talk about everything we did, everything we ate, everything you gave me. 
You’re just like the two mens [sic] I had. You just say everything, talk about
everything.”
          Garza was still upset when they went home, and she told appellant she was
going to leave him. Appellant’s niece, Janie Olivarez, called while Garza and
appellant were arguing. Garza got on the phone and she started saying “very ugly
things” about appellant. She kept comparing him to the “other two mens” she had
had. Appellant kept telling her to calm down and to “hush up,” but she continued to
talk to his niece, so he picked up a gun and shot her. He could not remember how
many times he shot her, but he knew it was more than once.



          Appellant cleaned the area, changed his shoes, and drove to his sister’s house. 
His niece, Olivarez, was at his sister’s house, and she called 9-1-1. Appellant told the
9-1-1 operator that he shot Garza. Appellant was arrested at his sister’s house. 
          At the police station, Detective Robert Mancillas took a videotaped statement
from appellant in which appellant confessed to shooting Garza. 
          Motion to Suppress
          In point of error one, appellant argues that the trial court erred when it denied
his motion to suppress his videotaped statement and permitted the State to introduce
the videotaped statement into evidence.
          When a motion to suppress is presented, the trial court is the sole judge of the
witnesses’ credibility and the weight to be given their testimony. Guzman v. State,
955 S.W.2d 85, 89 (Tex. Crim. App. 1997). The appellate court’s only role is to
decide whether the trial court improperly applied the law to the facts. Williams v.
State, 937 S.W.2d 23, 26 (Tex. App.—Houston [1st Dist.] 1996, pet. ref’d). Unless
the trial court clearly abused its discretion, we will not disturb its findings. Rivera
v. State, 808 S.W.2d 80, 96 (Tex. Crim. App. 1991); Williams, 937 S.W.2d at 26. 
Further, we afford nearly complete deference to the trial court’s rulings on mixed
questions of law and fact when the resolution of those questions turns on an
evaluation of credibility and demeanor. Guzman, 955 S.W.2d at 89. Accordingly,
we review the evidence in the light most favorable to the ruling of the trial court. Id.;
Taylor v. State, 945 S.W.2d 295, 297 (Tex. App.—Houston [1st Dist.] 1997, pet.
ref’d).
          Appellant argues that his videotaped confession was not freely and voluntarily
given. Appellant contends that “it is evident that Detective Mancillas did not provide
appellant with the proper warning nor its fully effective equivalent.” Specifically,
appellant complains that Detective Mancillas did not properly advise appellant of his
right to counsel and Detective Mancillas incorrectly told appellant that he was free
to leave at the time the statement was made. 
          Appellant confessed three times that he committed this murder: (1) he
confessed to his niece, Janie Olivarez; (2) he confessed during his call to the 9-1-1
operator; and (3) he made a videotaped confession at the police station. Both
Olivarez and the 9-1-1 operator testified without objection. 
          Janie Olivarez testified that she arrived at her parents’ house and saw appellant
and her parents standing in the front yard. When she approached appellant, he told
her what he had done. Olivarez walked inside and called 9-1-1. Appellant got on the
telephone, and Olivarez listened as appellant confessed to the 9-1-1 dispatcher. 
          Mario Alcala,


 a dispatcher for the city of Richmond, testified that he received
a 9-1-1 call from Janie Olivarez on June 23, 2000. During the call, appellant got on
the phone and confessed to shooting Garza.
          Those two confessions were admitted without objection. On appeal, appellant
complains that the trial court erred when it denied his motion to suppress his third
confession—the videotaped custodial confession—because it was involuntarily given. 
          Appellant argues that Detective Mancillas began the interview by incorrectly
advising appellant that he was free to leave at any time. There was not evidence that
Detective Mancillas’s advice was incorrect. Furthermore, there is no evidence that
appellant attempted to leave and was restrained.
          Appellant next contends that he indicated to Detective Mancillas that he did not
fully understand English. At the beginning of the suppression hearing, the trial court
asked appellant’s attorney, “Your client can understand English, and [an interpreter]
doesn’t have to interpret for your client?” The attorney responded, “No. My client’s
ability to understand English is not the problem.” During the hearing, appellant never
testified. Consequently, there is no evidence in the record to indicate that appellant
did not understand the admonishments that were given. While making his video
confession, appellant admitted he understood that he had a right to an attorney. 
Although he answered “yes” in Spanish, it was an appropriate response to the
question asked in English.
          In light of appellant’s two unchallenged confessions, appellant has failed to
demonstrate why his video confession was involuntary or how he was harmed
because it was in an English—Spanish format. We hold that the trial court did not
abuse its discretion when it denied appellant’s motion to suppress.
          We overrule point of error one.
Motion for Mistrial
          In points of error two and four, appellant argues that the trial court erred when
it overruled his motion for mistrial (1) based on improper jury argument and (2) based
upon an outburst from Garza’s family.
          We review a trial court’s denial of a motion for mistrial under an abuse of
discretion standard. Trevino v. State, 991 S.W.2d 849, 851 (Tex. Crim. App. 1999). 
Mistrial is an extreme remedy for prejudicial events occurring during the trial process. 
Bauder v. State, 921 S.W.2d 696, 698 (Tex. Crim. App. 1996).
Improper Jury Argument
          In point of error two, appellant contends that the prosecutor’s improper jury
argument warranted a mistrial. Specifically, appellant complains of the prosecutor’s
arguments that (1) Garza “reluctantly” lived with appellant, and (2) the shot to the
back of Garza’s head was “execution style.”  
          The law provides for, and presumes, a fair trial free from improper argument
by the State. Long v. State, 823 S.W.2d 259, 267 (Tex. Crim. App. 1991). There are
four permissible areas of jury argument: (1) summation of the evidence, (2)
reasonable deductions from the evidence, (3) answers to the argument of opposing
counsel, and (4) pleas for law enforcement. Wesbrook v. State, 29 S.W.3d 103, 115
(Tex. Crim. App. 2000); Cifuentes v. State, 983 S.W.2d 891, 895 (Tex.
App.—Houston [1st Dist.] 1999, pet. ref’d). Even when an argument exceeds the
permissible bounds of these approved areas, such will not constitute reversible error
unless, in light of the record as a whole, the argument is extreme or manifestly
improper, violative of a mandatory statute, or harmful to the accused because it
injects new facts into the trial proceeding. Wesbrook, 29 S.W.3d at 115. In most
cases, an instruction to disregard the remarks will cure the error. Id.
          Here, the trial court sustained appellant’s objections and instructed the jury to
disregard the comments.
          Generally, the appropriate remedy for improper argument is an instruction to
disregard. McGinn v. State, 961 S.W.2d 161, 165 (Tex. Crim. App. 1998). We must
presume the instruction to disregard was followed by the jury. Wesbrook, 29 S.W.3d
at 116; see Colburn v. State, 966 S.W.2d 511, 520 (Tex. Crim. App. 1998). A
mistrial should be granted only when an objectionable event is so emotionally
inflammatory that a curative instruction is not likely to prevent the jury from being
unfairly prejudiced against the defendant. Wesbrook, 29 S.W.3d at 116; Bauder v.
State, 921 S.W.2d 696, 698 (Tex. Crim. App. 1996).
          Based on the record as a whole, we hold that the prosecutor’s comments were
not so inflammatory as to render the trial court’s instruction to disregard ineffective. 
Accordingly, the trial court did not commit error in denying appellant’s motion for
mistrial.
          We overrule point of error two.
Emotional Outbursts
          In point of error four, appellant argues that the trial court erred in denying his
motion for mistrial based on an emotional display by Garza’s family and the
prosecutor. First, during the State’s punishment argument, appellant objected to the
prosecutor’s crying and asked the trial court to instruct the jury to disregard the
“emotional outbursts.” Appellant’s objection was made in front of the jury, and the
trial court responded, “I understand. You said everything I needed to say . . . .” 
Second, appellant informed the trial court that, as the jury was filing out of the
courtroom, a member of Garza’s family was crying outside in the hallway, and the
jury had to walk by the family member on its way to the jury deliberation room. 
Appellant objected to the emotional display, and he asked the trial court to “inquire
from the jury as to what effect—I guess you can even—well, I would have no
objection to you doing it in the jury room, at least an additional instruction that the
crying or wailing of family members should not have any influence on their
deliberations or to see if it had any influence on the deliberation.” The trial court
responded that that was not a proper way to handle the situation.
          To show that external influences on the jury created reversible error, the
defendant must demonstrate actual or inherent prejudice. Howard v. State, 941
S.W.2d 102, 117 (Tex. Crim. App. 1996). Actual prejudice occurs when the jurors
articulate “a consciousness of some prejudicial effect.” Id. Inherent prejudice occurs
when “an unacceptable risk is presented of impermissible factors coming into play.” 
Id. In other words, bystander conduct that interferes with normal trial proceedings
will not result in reversible error unless the defendant shows “a reasonable probability
that the conduct or expression interfered with the jury’s verdict.” 
          Appellant claims that the emotional outbursts harmed him because a 10-year
prison sentence is tantamount to a life sentence given his age. Appellant has failed
to show any harm by the emotional displays in that he received only five years more
than the statutory minimum prison sentence allowed. Appellant has not shown that
the outburst interfered with the jury’s verdict. We therefore hold that the trial court
did not abuse its discretion in denying appellant’s motion for mistrial. 
          We overrule point of error four.
Lesser-Included Offense
          In point of error three, appellant argues that the trial court erred when it
overruled his request for a jury instruction on the lesser-included offense of
aggravated assault.
          Appellant, who unequivocally stated that he did not intend to kill the victim,
contends that, because “the record did not establish the manner in which the gunshots
were inflicted, . . . there was at least a scintilla of evidence establishing aggravated
assault as a valid, rational alternative to the charged offense.” 
           To determine whether a charge on a lesser-included offense should be given,
the Court of Criminal Appeals has implemented a two-step test. See Aguilar v. State,
682 S.W.2d 556, 558 (Tex. Crim. App. 1985); Royster v. State, 622 S.W.2d 442, 444
(Tex. Crim. App. 1981). The first step is to decide whether the offense is a
lesser-included offense of the offense charged. See Tex. Code Crim. Proc. Ann. art.
37.09 (Vernon 1981); see also, e.g., Rousseau v. State, 855 S.W.2d 666, 672 (Tex.
Crim. App. 1993); Aguilar, 682 S.W.2d at 558. Aggravated assault is a
lesser-included offense of murder. Forest v. State, 989 S.W.2d 365, 368 (Tex. Crim.
App. 1999). Hence, the first prong of the test is satisfied.
          The second step of the Aguilar/Rousseau test requires an evaluation of the
evidence to determine whether there is some evidence that would permit a jury
rationally to find that the defendant is guilty only of the lesser offense. Moore v.
State, 969 S.W.2d 4, 8 (Tex. Crim. App. 1998); Rousseau, 855 S.W.2d at 672. In
other words, there must be some evidence from which a jury could rationally acquit
the defendant of the greater offense while convicting him of the lesser-included
offense. Mathis v. State, 67 S.W.3d 918, 925 (Tex. Crim. App. 2002). The evidence
must establish the lesser-included offense as a valid rational alternative to the charged
offense. Wesbrook, 29 S.W.3d at 113-14; Arevalo v. State, 943 S.W.2d 887, 889
(Tex. Crim. App. 1997).
          Contrary to appellant’s claim that he did not mean to kill Garza, the medical
examiner testified that Garza suffered three bullet wounds to the head, one of which
entered from the back, and one bullet wound to the shoulder. Appellant’s testimony
that he did not intend to kill anyone does not amount to evidence upon which a jury
could rationally find that appellant did not act intentionally with respect to killing
Garza.  
          In Wesbrook, the defendant sought an instruction on a lesser-included offense
of aggravated assault. The Court of Criminal Appeals upheld the trial court’s refusal
of the instruction:
The evidence must establish the lesser-included offense as a valid
alternative to the charged offense. In the instant case, the trial record
shows appellant acted intentionally, or at the least, knowingly, when he
walked into an apartment armed with a high-powered rifle. He fired a
single shot at close range into the chest of the first victim, a highly
vulnerable part of the body. After witnessing the damage that resulted
from his actions, appellant continued to fire the weapon, again at close
range, into four more individuals, choosing as his target, either their
head, chest, or abdomen. Physical evidence from the scene and the
condition of the bodies suggest that one victim was shot as he attempted
to escape from the apartment and another was shot while on his knees. 
The only contrary evidence that this was not an intentional or knowing
act is appellant’s own assertion that he did not intend to kill. Given the
state of the entire record, this was not evidence from which a jury could
rationally conclude that appellant was guilty only of aggravated assault. 

Wesbrook, 29 S.W.3d at 113-14; see also Jackson v. State, 992 S.W.2d 469, 475
(Tex. Crim. App. 1999) (not entitled to instruction on the lesser-included offense of
aggravated assault when evidence showed appellant at least guilty of homicide).
          Apart from appellant’s own testimony that he did not intend to kill anyone,
there was no other evidence in support of such theory, and in fact the evidence refuted
that testimony. We hold that appellant’s testimony does not supply evidence upon
which a jury could rationally find that appellant’s actions toward Garza were not
intentional. Hence, appellant has failed to satisfy the second prong of the
Aguilar/Rousseau test.    We overrule point of error three.
                                                         Conclusion
          We affirm the judgment.
 
                                                                        Frank C. Price
                                                                        Justice

Panel consists of Justices Taft, Alcala, and Price.




Do not publish. Tex. R. App. P. 47.