Opinion filed January 13,
2011

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-09-00173-CR

                                                    __________

 

                                   JOSHUA
LEE GOAD, Appellant

 

                                                      V.

 

                                   
STATE OF TEXAS, Appellee

 



 

                                   On
Appeal from the 161st District Court

 

                                                             Ector
County, Texas

 

                                                   Trial
Court Cause No. B-34,874

 



 

O
P I N I O N

The
jury convicted Joshua Lee Goad of burglary of a habitation with the intent to
commit theft and assessed his punishment at fifteen years confinement and a
fine of $2,500.  We reverse and remand for a new trial. 

I.  Background
Facts

Julie
Bickle and her friend Ami Howsey were at Bickle’s house drinking coffee one
afternoon.  Bickle heard a knock and answered the door.  Goad and a friend were
there, and they accused her of having one of Goad’s dogs.  Bickle knew Goad
because he lived in the neighborhood.  She told Goad that his dog was not
there.  He asked for permission to search the house.  She said no.  Goad and
his friend became upset and started calling her names.  The conversation lasted
five minutes before Goad and his friend left.  Howsey’s car was parked in the
carport.  Howsey and Bickle decided to move it to the front of the house.  They
did so and then went back into the kitchen.  Because the car was moved, someone
approaching the house from the rear would not necessarily realize that anyone
was home.  Bickle saw the curtains in the living room move and then saw Goad
trying to come into the house through a window that faced the backyard.  She
screamed.  Goad jumped back and slammed the window shut and then ran across the
backyard and jumped over the fence.

II. 
Discussion

Goad
challenges his conviction with six issues, but we need only address the first. 
Goad argues that the trial court abused its discretion by not including a
lesser included offense in the jury charge.  Goad asked the trial court to
instruct the jury on the lesser included offense of criminal trespass.  The
trial court refused that request and charged the jury only on burglary of a
habitation with the intent to commit theft.

To determine if an
instruction on a lesser included offense is warranted, we first ask if the
lesser included offense is included within the proof necessary to establish the
offense charged.  Rousseau v. State, 855 S.W.2d 666, 673 (Tex. Crim.
App. 1993).  The State concedes that criminal trespass is a lesser included
offense of burglary of a habitation with the intent to commit theft.  See
Aguilar v. State, 682 S.W.2d 556, 558 (Tex. Crim. App. 1985).  We next ask
if there is some evidence in the record that would permit a rational jury to
find that, if the defendant is guilty, he is guilty only of the lesser
offense.  Rousseau, 855 S.W.2d at 673.  We must review all the evidence
presented at trial in making this determination.  Bignall v. State, 887
S.W.2d 21, 23 (Tex. Crim. App. 1994).  We do not consider the credibility of
the evidence or whether it conflicts with other evidence.  Young v. State,
283 S.W.3d 854, 875-76 (Tex. Crim. App. 2009).  The fact that the State, in the
course of proving the offense charged, may also have proved a lesser offense
does not entitle Goad to a charge on the lesser included offense.  Gibbs v.
State, 819 S.W.2d 821, 832 (Tex. Crim. App. 1991).  Rather, evidence from
some source must affirmatively raise the issue of the lesser offense.  Bignall,
887 S.W.2d at 24.

The distinction between
criminal trespass and burglary of a habitation is the defendant’s mental
state.  Burglary of a habitation requires proof that Goad entered Bickle’s home
with the intent to commit a felony, theft, or an assault.  Tex. Penal Code Ann. § 30.02 (Vernon 2003). 
Criminal trespass requires only proof that Goad entered or remained in Bickle’s
home without her effective consent and that he either had notice his entry was
forbidden or failed to leave after receiving notice to do so.  Tex. Penal Code Ann. § 30.05 (a)
(Vernon Supp. 2010).  

The
State contends that there was no affirmative evidence that Goad was guilty only
of criminal trespass because there was no evidence that he entered her home
without the intent required to commit a burglary.  Goad argues that the
evidence he was looking for his dog, coupled with the lack of evidence of an
actual theft or the presence of any tools or supplies used to commit a theft,
justified a criminal trespass instruction.  The State responds that this is not
affirmative evidence of criminal trespass but would merely allow the jury to
make an assumption.  The State’s position is, apparently, that Goad was
entitled to a lesser included instruction only if someone specifically testified
that he entered the house to look for his dog.  We disagree.  A request for a
lesser included instruction is not an affirmative defense.  The issue must be
affirmatively raised by the evidence, but Goad has no burden of production or
persuasion.  If, based upon consideration of all the evidence presented, the
jury could rationally conclude that Goad was looking for his dog, then he was
entitled to an instruction.

There
was no dispute that Goad told Bickle he was looking for his dog and that he
asked for permission to search her house.  Two Odessa Police Officers testified
that they believed this was a ruse and that Goad was merely checking to see if
anyone was home.  The jury could find this testimony persuasive, but we,
however, are precluded from making any credibility determination.  Young,
283 S.W.3d at 875-76.  The question is whether a jury could reasonably disagree
with the officers.  Bickle had four dogs of her own.  It is not unreasonable to
believe that, if Goad’s dog was missing, he would check neighbor’s houses,
particularly houses that had other dogs.  Goad’s story, therefore, was not
illogical.  The fact that Goad did not quickly depart after Bickle opened the
door but, instead, got into a heated, five-minute argument when she refused him
permission to search her house leads credence to Goad’s argument.  Finally, the
jury could consider the fact that, when Goad was crawling through Bickle’s
window, he had no tools or anything with which to carry away stolen property.

A
rational factfinder could determine that Goad was not entering Bickle’s house
to steal but was looking for his dog.  Because Goad’s intent was a disputed
fact question, the trial court erred when it denied Goad’s requested
instruction.  Issue One is sustained.

III. 
Conclusion

The
judgment of the trial court is reversed, and this case is remanded to the trial
court for a new trial.  

 

 

                                                                                    RICK STRANGE

                                                                                                JUSTICE

 

January 13, 2011

Publish.  See
Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.