**Ruben AGUILAR, Appellant,**

v.

**The STATE OF Texas, Appellee.**

**No. 004–84.**

Court of Criminal Appeals of Texas, En Banc.

Jan. 9, 1985.

---

Adolph Quijano, Jr., Robin Norris, El Paso, for appellant.

Steve W. Simmons, Dist. Atty. and Nick O. Martinez, Jr., Asst. Dist. Atty., El Paso, Robert Huttash, State's Atty. and Alfred Walker, First Asst. State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

MILLER, Judge.

This is an appeal from a conviction of attempted burglary of a building with intent to commit theft pursuant to V.T.C.A. Penal Code, § 15.01(a) and § 30.02(a)(1). The trial court assessed punishment at ten years imprisonment, probated, and a $250.00 fine.

On direct appeal, the El Paso Court of Appeals reversed the conviction and remanded the case for a new trial because the trial court failed to instruct the jury on the lesser included offense of attempted criminal trespass. We granted the State's petition for discretionary review to examine the correctness of that decision.

The evidence at trial consisted solely of the testimony of two State's witnesses. The owner of the building, complainant Refugio Curtis, testified she left the premises of the "105 Lounge" at 12:30 a.m. on September 20, 1981, locking the door as she left. She further related that the door to the business was in good condition when she locked up, but when she returned at 9:30 a.m. on the same day, she discovered that the top portion of the wooden door had been pushed back. She also testified that she did not give anyone permission to enter the building after she had gone.

Officer Eduardo Robles, Jr., a police officer in the city of El Paso, testified that he and his partner were dispatched to 105 Rio Grande in response to a "burglary in progress" call. Upon arrival at the scene, he observed two subjects standing in the recessed doorway to the 105 Lounge. The two individuals had their backs to the street and were facing the door to the bar. Officer Robles testified that he could not tell what they were doing at that time. As the two officers approached the suspects in a marked police vehicle, the two individuals began to run. After brief foot pursuit, they were apprehended and placed in a back-up police vehicle. Appellant was one of the arrested suspects. The officers then inspected the door to the 105 Lounge and discovered the top portion of the wooden door had been pushed back.

The appellant did not testify nor offer any defensive evidence.

Criminal trespass can be a lesser included offense of burglary of a building. *Day v. State*, 532 S.W.2d 302 (Tex.Cr.App. 1976). Merely because a lesser offense is included within the proof of a greater offense, however, does not always warrant a jury charge on the lesser offense. In *Royster v. State*, 622 S.W.2d 442 (Tex.Cr.App. 1981), this Court enunciated a two part test to determine whether a charge on the lesser included offense is required. "First, the lesser included offense must be included within the proof necessary to establish the offense charged. Secondly, there must be some evidence in the record that if the defendant is guilty, he is guilty of only the lesser offense." (citation omitted.)

Under the second prong of the *Royster* test, there must be some evidence that the appellant, if guilty, is guilty only of the lesser included offense of criminal trespass. Thus, if testimony raises the issue that the defendant entered the premises for purposes other than to commit a felony or theft, he would be entitled to a charge on the lesser offense of trespass. *Day,* supra. But, if the defendant presents evidence that he committed no offense at all, *McKinney v. State*, 627 S.W.2d 731 (Tex.Cr.App.1982); *McCardell v. State*, 557 S.W.2d 289 (Tex.Cr.App.1977), or if he presents no evidence, *Denison v. State*, 651 S.W.2d 754 (Tex.Cr.App.1983); *Thomas v. State*, 543 S.W.2d 645 (Tex.Cr.App.1976), and there is no evidence otherwise raising the issue[1], a charge on the lesser offense of trespass is not required.

In the case at bar, while proving the offense of attempted burglary of a building with intent to commit theft, the State also proved the offense of attempted criminal trespass. There was, however, no evidence in the record from any source which showed that if Appellant was guilty, he was guilty of criminal trespass only. *Denison,* supra. *Thomas,* supra.

The Court of Appeals, however, held that since non-consensual nighttime entry raises a presumption of intent to commit theft, *Mauldin v. State*, 628 S.W.2d 793 (Tex.Cr. App.1982), and the jury is not bound to find the element of the offense sought to be presumed under V.T.C.A. Penal Code, § 2.05(2)(B), a charge on the lesser offense of trespass was required. We disagree.

At the outset, we note that a charge on lesser included offenses is not required merely because the jury is charged on the issue of the existence of a presumed fact under V.T.C.A. Penal Code, § 2.05. Beyond that, and more to the point, there was no trial presumption employed in this case. Penal Code § 2.05(2) applies only when "the existence of the presumed fact is submitted to the jury". There was no reference to a presumption of intent to commit theft contained in this court's charge to the jury; and correctly so. The "presumption"[2] of intent to commit theft arising from non-consensual nighttime entry is an appellate vehicle employed to review the sufficiency of the evidence, not a trial vehicle used to prove an element of the State's case.

The trial court did not err in excluding an instruction on attempted criminal trespass. Accordingly, the judgment of the Court of Appeals is reversed. Since appellant's other grounds of error were considered and overruled by the Court of Appeals, the judgment of the trial court is affirmed.

CLINTON, Judge, dissenting.

In *Royster v. State*, 622 S.W.2d 442 (Tex. Cr.App.1981) *this Court* did *not* enunciate a two part test to determine whether a charge on a lesser included offense is required. A plurality of four judges followed a panel majority opinion in *Eldred v. State*, 578 S.W.2d 721 (Tex.Cr.App.1979), which

---

1. See, *Lugo v. State*, 667 S.W.2d 144 (Tex.Cr. App.1984).

2. We leave for another day the issue of whether this is truly a presumption or simply a permissible inference. See, *Hardesty v. State*, 656

S.W.2d 73 (Tex.Cr.App.1983). For the inauspicious genesis of the rule, see *Mullins v. State*, 35 Tex.Crim. 149, 32 S.W. 691 (1895) and *Alexander v. State*, 31 Tex.Crim. 359, 20 S.W. 756 (1892).

was not tested for validity on rehearing by the Court En Banc. In between there was *Watson v. State*, 605 S.W.2d 877 (Tex.Cr. App.1980), and like *Royster v. State*, supra, it too mustered just a plurality for the "guilty only" test of *Daywood-McBrayer*. As of September 28, 1981 five judges had rejected the socalled "two part test" in favor of others. See *Royster v. State*, supra, at 447; see also *Watson v. State*, supra, at 886–887. I still do and therefore dissent.

In *Watson* I demonstrated to the satisfaction of Judge Dally that "[t]he rule stated by the majority is an *incorrect rule which has been erroneously applied numerous times since its apparent genesis in Daywood v. State, 157 Tex.Cr.R. 266, 248 S.W.2d 479 (1952) as dictum*," id., at 886.[1] Despite reiterating the *Daywood-McBrayer* "guilty only" test from time to time, this Court may have abandoned it recently in *Lugo v. State*, 667 S.W.2d 144 (Tex.Cr.App.1984)—since the opinion does not even mention nor does it apply the "two part test" in finding error in refusal to instruct on a lesser included offense raised by a consideration of all the evidence before the jury. However, if this Court still has not settled on a fair and workable standard for determining when a trial court is required to include in its charge to a jury proper instructions authorizing jurors to consider a lesser included offense, now is the time to do so, and *Lugo* provides it in the instant cause.

In *Lugo*, supra, the Court found, "The sole issue at trial concerned appellant's intent." *Id.*, at 149. Is not that the ultimate issue in the case at bar?

The offense alleged is attempted burglary—that is, that appellant with specific intent to commit the offense of burglary did the act described, according to the State, with intent to commit theft. V.T.C.A. Penal Code, § 15.01(a) and § 30.02(a)(1). The offense of attempted criminal trespass requires specific intent to commit the offense

of criminal trespass coupled with an act that tends to but fails to effect a criminal trespass—that is, one intends to enter a building of another without effective consent, having notice that entry is forbidden, and goes beyond preparing to do so. *Id.*, § 15.01(a) and § 30.05(a).

The testimony of Officer Robles is that he observed two persons standing in the recessed doorway to the 105 Lounge; they were facing the door, their backs to the street; he could not tell what they were doing at that time. Only later was it discovered that the top part of a wooden door had been pushed back. Thus is shown an attempted entry, and the only question is with what intent was that attempt made— to commit burglary or criminal trespass. Since the evidence adduced at trial raises an issue that a lesser included offense may have been committed, to paraphrase *Lugo*, the trial court should have included a proper instruction on the lesser included offense of criminal trespass. *Lugo*, supra, at 147.

TEAGUE, Judge, dissenting.

Because the majority erroneously holds that Ruben Aguilar, appellant, was not entitled to an instruction on the lesser offense of criminal trespass, I am compelled to dissent.

Because my Brother Clinton has written a thought provoking dissenting opinion, I join that opinion. However, but because I believe additional remarks, concerning the law that governs when a lesser included offense instruction must be made, I also write.

The immediate predecessors of Articles 37.08 and 37.09, V.A.C.C.P., were Articles 694 and 695, 1925 Code of Criminal Procedure.

Art. 694, supra, provided:

In a prosecution for an offense including lower offenses, the jury may find the defendant not guilty of the higher of-

---

**1.** All emphasis is supplied throughout by the writer of this opinion unless otherwise indi-     cated.

fense, but guilty of any lower offense included.

Art. 695, supra, provided:

The following offenses include different degrees:

1. Murder, which includes all the lesser degrees of culpable homicide, and also an assault with intent to commit murder.

2. An assault with intent to commit any felony, which includes all assaults of an inferior degree.

3. Maiming, which includes aggravated and simple assault and battery.

4. Burglary, which includes every species of house breaking and theft or other felony when charged in the indictment in connection with the burglary.

5. Riot, which includes unlawful assembly.

6. Kidnapping or abduction, which includes false imprisonment.

7. Every offense against the person includes within it assaults with intent to commit said offense, when such attempt is a violation of the penal law.

Art. 37.08, supra, provides:

In a prosecution for an offense with lesser included offenses, the jury may find the defendant not guilty of the greater offense, but guilty of any lesser included offense.

Art. 37.09, supra, provides:

An offense is a lesser included offense if:

(1) it is established by proof of the same or less then all the facts required to establish the commission of the offense charged;

(2) it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission;

(3) it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission; or

(4) it consists of an attempt to commit the offense charged or an otherwise included offense.

From the above, it should be apparent that the Legislature intended that if the proof showed that the accused was guilty of the alleged offense, but the proof also showed that he was guilty of a lesser included offense, then the jury should be instructed not only on the alleged offense but the lesser offense as well, provided that all of the elements of the lesser offense were stated within the charging instrument and the proof supported such an instruction. Thus, in making the determination whether a lesser offense instruction should be given, the focus of attention should be upon not only what the accused was charged with committing, but all the proof that was adduced.

In this instance, appellant was convicted on an indictment that alleged that he had committed the offense of attempted burglary with intent to commit theft. In pertinent part, the indictment alleges that appellant, with the specific intent to commit the offense of theft, did an act that amounted to more than mere preparation to commit the offense of burglary, but failed to commit the intended offense. V.T.C.A., Penal Code, Section 15.01. The question that is before this Court is whether the proof established that appellant committed the lesser offense of attempted criminal trespass.

V.T.C.A., Penal Code, Section 30.02 provides that a person commits the offense of burglary if, without the effective consent of the owner, he enters a habitation, or a building (or any portion of a building) not then open to the public, with intent to commit a felony or theft.

V.T.C.A., Penal Code, Section 30.05, provides that a person commits the offense of criminal trespass if he enters or remains on property or in a building of another without effective consent and he (1) had notice that the entry was forbidden; or (2) received notice to depart but failed to do so.

As easily seen, the offenses of burglary of a building and criminal trespass have the same elements except that the offense

of burglary has the element of intent to commit a felony or theft, whereas the offense of criminal trespass has no such element, but in place of such element it has a "notice" element.

If the constituent elements of a lesser offense are included within the charging instrument, in order to obtain a conviction for the lesser offense, it is not necessary for the State to also plead the constituent elements of the lesser offense. *Allison v. State*, 618 S.W.2d 763 (Tex.Cr.App.1981).

This Court has held that the offense of criminal trespass may be a lesser included offense of the offense of burglary. *Day v. State*, 532 S.W.2d 302 (Tex.Cr.App.1976). Thus, the offense of attempted criminal trespass may be a lesser included offense of the offense of attempted burglary. In this instance, if the proof from any source established not only the elements of attempted burglary of a building, the alleged offense, but also established the lesser offense of attempted criminal trespass, then appellant was entitled to an instruction on the lesser offense of criminal trespass.

Notwithstanding what the majority of this Court stated on both original submission and rehearing in *Day v. State*, supra, regarding the law that governs when an instruction on a lesser offense must be given, there is still much disagreement over just when an instruction on a lesser offense must be given by the trial court. I believe that one of the causes for this disagreement is the failure on the part of some persons to recognize the difference between an affirmative defensive theory and a legal theory that would authorize the fact finder to make a finding from the proof adduced that an offense other than what was actually alleged in the charging instrument was committed by the accused.

An affirmative defensive theory is a theory that takes issue with how or in what manner the offense was committed, see

V.T.C.A., Penal Code, Chapters 8 and 9, or whether the accused committed the offense at all, such as the affirmative defense of alibi.[1] In that instance, the accused ordinarily has the burden of proof to establish his affirmative defense. However, this burden may be sustained if from any source the evidence raises an affirmative defense, and, if requested, the accused is entitled to such an instruction. *Lugo v. State*, 667 S.W.2d 144 (Tex.Cr.App.1984).

The doctrine of lesser included offenses comes into play, however, when the proof adduced causes a factual element of the alleged offense to become disputed, which, if resolved in favor of the accused, would cause him not to be guilty of the alleged offense but might cause him to be guilty of some lesser offense which is included within the greater or alleged offense.

In making the determination whether an instruction on a lesser offense must be given, this Court in the past adopted a simple two-step analysis approach, namely, whether an instruction on a lesser offense should be given, (1) the lesser offense must be included within the proof necessary to establish the offense charged and (2) there must be some evidence in the record that if the defendant is guilty, he is guilty of only a lesser included offense. This is often referred to as the *Royster-Daywood-McBrayer-Watson* test.[2] In most instances, this test is sufficient to resolve the issue of whether the accused was entitled to an instruction on a lesser included offense. However, but because the second part of the test is phrased in such a manner that it closely resembles the test that is ordinarily used in making the determination whether an affirmative defensive instruction should be given the accused, some judges have placed upon the accused not only the burden to disprove the factual elements of the alleged offense, but the

---

1. Alibi is not, however, a statutory affirmative defense. See *Miller v. State*, 660 S.W.2d 95 (Tex.Cr.App.1983).

2. So named after the following cases of this Court: *Royster v. State*, 622 S.W.2d 442 (Tex.Cr. App.1981); *Watson v. State*, 605 S.W.2d 877 (Tex.Cr.App.1980); *McBrayer v. State*, 504 S.W.2d 445 (Tex.Cr.App.1974); *Daywood v. State*, 157 Tex.Cr.R. 266, 248 S.W.2d 479 (Tex. Cr.App.1952).

burden to prove the elements of the lesser offense as well. However, it has long been the law of this State that any legal theory legitimately arising out of the evidence in a case imposes upon the court the duty of submission by appropriately instructing the jury upon the law governing it, *Lugo v. State*, supra; thus, it matters not from what source the evidence that would support such a theory comes.

When the Legislature enacted Art. 37.09, supra, it effectively expanded the number of lesser offenses for which the accused could be convicted. Thus, if the evidence from any source establishes a dispute over a factual element of the alleged offense, and the evidence would support a finding that the accused was guilty of committing a lesser offense, and the accused person requests an instruction on the lesser included offense, the trial court should give that instruction. Also see *Beck v. Alabama*, 447 U.S. 625, 100 S.Ct. 2382, 65 L.Ed.2d 392 (1980). Of course, a culpable mental state, such as intentionally, knowingly, or recklessly, may be a factual element of an offense which might be placed into dispute by evidence from any source.

In the instant case, it was alleged that the appellant, acting with the specific intent to commit theft, attempted to enter a building without the consent of its owner. This, of course, alleged the offense of attempted burglary of a building. However, if from any source the evidence also established that the appellant did not have the specific intent to commit the offense of theft, but the evidence from any source established that he had some other, but non-criminal intent, then he was entitled to an instruction on the other, but lesser included offense of attempted criminal trespass.

The undisputed facts of this cause reflect that during the early morning of the day in question, police officers saw appellant and another person huddled together facing the front door of a building that housed a closed bar. When the officers approached the two persons, and challenged them as to what they were doing, they attempted to flee but were soon apprehended.

From these brief facts, it should be obvious to anyone that there is no direct evidence that would establish what intent appellant then had.

The majority states: "In the case at bar, while proving the offense of attempted burglary of a building with intent to commit theft, the State also proved the offense of attempted criminal trespass. There was, however, no evidence in the record from any source which showed that if Appellant was guilty, he was guilty of criminal trespass only." Overlooked by the majority is the simple fact that there is also no evidence in the record which would show just exactly what intent appellant had when he was in the huddled position outside of the closed building.

It is obvious from the evidence adduced that appellant committed a criminal wrong. The question, however, is just what wrong did he commit? Is it attempted burglary or is it attempted criminal trespass? If he did not have the specific intent to commit theft, he would not be guilty of attempted burglary, but could have been found guilty of attempted criminal trespass.

Perhaps, if the majority would carefully examine and study the following statement that appellant's counsel makes in his appellate brief, it would see why its holding is erroneous: "Where there is no direct evidence on an element of the offense charged, and the circumstantial evidence, if any, on such element is equally probative, if at all, of a different hypothesis, and if such other hypothesis would, if true, be sufficient to establish culpability for a lesser included offense of the offense charged, then upon timely motion ... the issue of guilt upon such lesser included offense should be submitted to the jury."

Of course, had the circumstances of this case been such so as to render unreasonable all other possible interpretations of the facts except the State's theory that appellant was guilty only of the offense of attempted burglary, then there would have been no obligation on the part of the trial

judge to instruct the jury on another theory of what offense appellant might be guilty of committing. However, in this instance, there was another, but just as reasonable and viable legal theory applicable to this case, which was, for example, that when huddled with his cohort outside the closed building, appellant then had the intent only to find an enclosed place to sleep and was trying to enter the closed building for that purpose and no other. It was for the fact finder to decide just what intent appellant then had. Because the trial court did not instruct the jury on the lesser included offense of attempted criminal trespass, the jury was deprived of making an alternative finding, thus depriving appellant of a fair trial.

For all of the above reasons, appellant was entitled to an instruction on the lesser included offense of criminal trespass. The El Paso Court of Appeals correctly resolved the issue in appellant's favor. Its judgment should be affirmed and not reversed. To the action of the majority holding that appellant was not entitled to an instruction on the lesser included offense of attempted criminal trespass, and reversing the judgment of the court of appeals, I respectfully dissent.