**Bobby Lee STUCKEY, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 09–87–053 CR.**

Court of Appeals of Texas, Beaumont.

May 18, 1988.

Tom Brown, Pace & Brown, Livingston, for appellant.

Don Keith, Criminal Dist. Atty., Livingston, for appellee.

## OPINION

BURGESS, Justice.

Appellant was convicted of attempted capital murder. The jury assessed his punishment at ninety-nine years' confinement in the Texas Department of Corrections. Appellant urges two points of error.

The first point of error alleges the trial court erred in failing to charge the jury on the lesser included offense of attempted murder. The victim testified that he was leaving for work about 11:00 p.m. on March 4, 1986, when appellant came out from under the steps of the mobile home. Appellant displayed a pistol and ordered the victim back into the mobile home. Appellant identified himself as "Bobby Lee Stuckey" and ordered the victim to empty his pockets and put the contents on a table. The victim placed his billfold, which con-

tained $370, on the table, and appellant took the money. Appellant then stated, "You ain't going to need it where you're going." Appellant ordered the victim to stand and then shot him once in the stomach region. Appellant attempted to fire the weapon again, but it malfunctioned. After a struggle, the victim managed to flee the mobile home and seek refuge at a neighbor's home.

■ Appellant alleges he was entitled to the lesser included charge because an issue was raised as to whether a robbery was committed. He contends the issue was raised by a portion of the victim's testimony wherein the victim told appellant "take my money, here, leave me alone." Appellant testified that he did not take the victim's money, that he did not shoot the victim and was in fact in another state at the time of the occurrence.

There is a two-prong test for determining whether a jury must be charged on a lesser included offense. First, the lesser must be included within the offense charged, and second, there must be some evidence in the record that if the defendant is guilty, he is guilty of only the lesser offense. *Aguilar v. State,* 682 S.W.2d 556, 558 (Tex.Crim. App.1985). Attempted murder is certainly a lesser included offense of attempted capital murder. *See Thomas v. State,* 701 S.W.2d 653, 656 (Tex.Crim.App.1985). Appellant did not, in his testimony or through that of his witnesses, offer any evidence which might reasonably have raised an inference that if he was guilty, he was only guilty of attempted murder. The testimony of the victim, relied upon by appellant, is taken out of context. When reviewed in context, it is plain the victim was not volunteering his money, he was pleading for his life to be spared. We find no evidence from any source indicating that if appellant was guilty, he was only guilty of attempted murder. Thus, the trial court did not err in refusing to instruct the jury on the lesser included offense. Point of error number one is overruled.

■ Point of error number two complains of the parole law instruction. Appellant briefed this point prior to the decision

of *Rose v. State*, 752 S.W.2d 529, (Tex.Crim. App. 1987). The state's brief was filed subsequent to *Rose*, yet fails to even mention the case. We will, however, address the issue raised. The inclusion of the charge was properly objected to. Therefore, appellant only needed to show some harm as opposed to egregious harm. *See Rose*, at 537. One might start the analysis by observing that appellant received the maximum number of years confinement from the jury. While the state did introduce proof of a prior conviction, there was only one prior felony conviction, which was for a non-violent offense. Although the instruction was in the charge, neither attorney mentioned the instruction in their closing arguments. We find no hint of communications from the jury concerning the instruction. There are no affidavits from jurors claiming reliance on the instruction. In light of the seriousness of the offense and the apparent callous intent of appellant to cause the death of the victim, the jury's assessment of ninety-nine years is certainly not excessive. We find no harm shown in the record. This point of error is overruled. The judgment of the trial court is affirmed.

AFFIRMED.