Keith Ernest MAHAFFEY, Appellant,

v.

The STATE of Texas, State.

No. 2–91–121–CR.

Court of Appeals of Texas, Fort Worth.

June 30, 1992.

Kenneth G. Mahaffey, Denton, for appellant.

Bruce Isaacks, Dist. Atty., David C. Colley, Jim Crouch, Paige Miller, Assts., Denton, for State.

Before WEAVER, C.J., and FARRIS and MEYERS, JJ.

## OPINION

FARRIS, Justice.

Keith Ernest Mahaffey appeals his conviction of burglary of a habitation. Mahaffey was charged in a two count indictment with kidnapping and burglary. Only the burglary count was submitted to the jurors, who were instructed to find him guilty if they found either he entered the habitation with intent to commit kidnapping, or entered the habitation and did attempt to commit or committed kidnapping. Mahaffey contends the trial court erred in refusing his requested charge on the lesser included offense of criminal trespass. He also complains there was insufficient evidence of intent to instruct the jurors they should find him guilty of burglary if they found he intended to commit kidnapping. We overrule both of his points and affirm the judgment.

In his first point of error, Mahaffey contends testimony concerning two matters was evidence he had not kidnapped the victim, Vicki Sansom, and thus evidence he had committed criminal trespass rather than burglary: (1) testimony showing Sansom did not take advantage of opportunities to escape, and (2) Sansom's testimony that her father had threatened to kick her out of his home if she did not get away from Mahaffey, giving her a motive to falsely accuse Mahaffey. Mahaffey argues kidnapping had to be proved to sustain a conviction for burglary.

Sansom was Mahaffey's former girlfriend. She and her son, fathered by Mahaffey, were sleeping at the home of Russell Sharp where the offense occurred.

Mahaffey entered Sharp's home, knocked Sharp to the floor, and with an open knife in his hand and a pistol in his belt, pursued Sansom as she fled clad only in her gown. Sansom testified she was afraid for her life, that she did not go willingly, and that Mahaffey forced her and the child into his truck with the aid of his friend. Approximately five hours later, Mahaffey released Sansom, still wearing only her gown, and the child at her parents' home.

Witnesses who saw Sansom with Mahaffey following her abduction, testified she was not afraid of Mahaffey or concerned for her release. From that testimony one could infer there were opportunities for Sansom to escape. There was also Sansom's testimony that at some unidentified time her father had threatened to kick her out of his home if she did not get away from Mahaffey.

Criminal trespass is a lesser included offense of burglary. *See Day v. State,* 532 S.W.2d 302, 306 (Tex.Crim.App. 1975). However, in order to justify a charge on the lesser offense, there must also be some evidence that if Mahaffey was guilty, it was only of the lesser offense. *Aguilar v. State,* 682 S.W.2d 556, 558 (Tex. Crim.App.1985).

The evidence of Sansom's conduct following her abduction is not inconsistent with Mahaffey's kidnapping Sansom. To prove kidnapping the State faces no minimal requirement other than to prove the restraint was substantial. *See Rogers v. State,* 687 S.W.2d 337, 342 (Tex.Crim.App. 1985). The evidence cited by Mahaffey does not contradict the evidence that he intentionally restrained Sansom by using force to compel her, against her will, to leave with him. That Sansom may have at some point decided that Mahaffey did not intend to injure her or the child was of no consequence once the offense was complete. Further, the evidence that Sansom may have had a motive to falsely accuse Mahaffey was not evidence she went with him voluntarily because it requires an inference based upon a collateral matter of questionable relevance and could not be

reasonably believed within the context of the facts so as to support a charge on the lesser offense. *See Godsey v. State,* 719 S.W.2d 578, 584 (Tex.Crim.App.1986). Point one is overruled.

In his second point, Mahaffey complains the evidence was insufficient to show intent so as to require an instruction to the jurors to find him guilty of burglary if they found he intended to commit kidnapping. The jurors were instructed they should find Mahaffey guilty if they found he acted with intent to commit kidnapping, or if he attempted to commit or committed kidnapping. In his brief Mahaffey argued the charge permitted the jury to find him guilty under a factual theory which was not supported by sufficient evidence in violation of federal constitutional right to due process. During argument Mahaffey's appellate counsel properly conceded the issue had been addressed in a recent Supreme Court opinion, and that the point was without merit. *See Schad v. Arizona,* —— U.S. ——, 111 S.Ct. 2491, 115 L.Ed.2d 555 (1991). Point two is overruled.

The judgment is affirmed.