IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-93-047-CR





LARANCE JAY YARBROUGH,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT



NO. 76,760, HONORABLE BOB PERKINS, JUDGE PRESIDING



 





PER CURIAM

 The district court found appellant guilty of attempted burglary of a habitation and
assessed punishment, enhanced by a previous felony conviction, at imprisonment for seven years. 
Tex. Penal Code Ann. § 15.01 (West Supp. 1993) and § 30.02 (West 1989). In his only point
of error, appellant contends the evidence is legally insufficient to sustain the conviction.

 At 10:15 p.m. on October 10, 1984, Cindy Taylor was in the bedroom of her
duplex apartment when she heard a strange noise in the living room. Taylor went to the living
room and looked out the front window, which was open. She saw appellant standing outside the
window with the window screen in his hands. Taylor screamed and slammed the window. 
Appellant dropped the screen and fled. Taylor called the police, who arrested appellant a few
minutes later while still in the neighborhood. 

 Appellant testified that his car had stalled near Taylor's apartment and that he was
about to knock on her door to ask for help when she screamed. He denied removing the screen
from the living room window.

 The indictment alleged that appellant attempted to enter Taylor's apartment with
intent to commit theft. Appellant argues that the evidence is insufficient with respect to the intent
allegation. Appellant correctly points out that there is no statutory or common law presumption
of intent applicable to burglary cases. LaPoint v. State, 750 S.W.2d 180, 182 (Tex. Crim. App.
1986). The trier of fact may, however, infer an intent to commit theft from the defendant's
nonconsensual entry, or attempted entry, at night. Id.; Aguilar v. State, 682 S.W.2d 556, 558
(Tex. Crim. App. 1985).

 The events in question took place at night, and Taylor testified that appellant did
not have her consent to enter the apartment. Viewing the evidence in the light most favorable to
the judgment, the district court could reasonably infer that appellant removed the screen from
Taylor's window with the intent to enter the habitation and commit theft. Appellant does not
challenge the sufficiency of the evidence with respect to the other elements of the offense, and we
find that each was adequately proved by the State. See Jackson v. Virginia, 443 U.S. 307 (1979);
Griffin v. State, 614 S.W.2d 155 (Tex. Crim. App. 1981). The point of error is overruled.

 The judgment of conviction is affirmed.


[Before Chief Justice Carroll, Justices Aboussie and Jones]

Affirmed

Filed: June 30, 1993

[Do Not Publish]