Opinion issued December 20, 2007











In The

Court of Appeals

For The

First District of Texas






NO. 01-06-00811-CR






JOHN EDWARD MOUTON, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 182nd District Court

Harris County, Texas

Trial Court Cause No. 1055442






MEMORANDUM OPINION

 A jury convicted appellant, John Edward Mouton, of aggravated robbery, and
after affirmative findings on the enhancement paragraph and deadly weapon question,
the jury assessed punishment at eighteen years in prison. See Tex. Penal Code Ann.
§ 29.03(a)(2) (Vernon 2003). In three issues, appellant challenges the trial court's
denial of his requests for jury instructions on the lesser-included offenses of theft and
robbery and the admission of evidence under Texas Rule of Evidence 403.

 We affirm.

Background


 On the afternoon of November 26, 2005, appellant went to a Sam's Club in
Harris County, in the 9600 block of F.M. 1960, which is parallel to Humble Westfield
Road. The weather was warm, and appellant's baggy, three-piece suit and general
demeanor caught the attention of Andre Journet, Sam's Club's loss-prevention
officer. Journet watched appellant look at cell phones in the electronics department
and then walk to the produce department and hide two prepaid cell phones beneath
his suit jacket. Appellant walked to another part of the store and asked Sharin Pena,
a Sam's Club manager, where the restrooms were. After appellant went into the
restroom, a store manager asked Brian Chapman, an off-duty Sam's Club employee,
to go into the restroom. At trial, Chapman testified that (1) there were only two stalls
in the restroom and only one was unoccupied, (2) he did not see anyone else enter the
restroom, and (3) he heard what sounded like someone ripping the plastic packaging
of the prepaid cell phones. 

 When appellant left the restroom, Journet, who was wearing street clothes and
who wished to remain anonymous to protect his position as a loss-prevention officer,
continued to follow appellant. Appellant returned to the electronics department,
where he hid at least two more prepaid cell phones under his suit jacket. Around the
same time, Chapman returned to the restroom, where he found some prepaid cell
phone packaging on the floor near the toilet. 

 Meanwhile, between 3:00 p.m. and 3:30 p.m., James Endy, a Sam's Club
manager, returned to the store after his lunch break. Pena and another employee told
him about the suspected shoplifting in progress, and Endy went outside to wait for
appellant to leave the store. Journet continued to follow appellant as he headed
toward the exit. 

 When appellant left the store, Endy touched him on the arm and asked him to
come inside and talk. Endy testified that appellant then pulled a gun, pointed it at
him, and told him to back off. Endy stepped toward appellant, who again pointed the
gun at Endy and told him to get back. At trial, both Journet and Chapman, who were
outside the store during the encounter, also testified that appellant pointed a gun just
outside the exit door as he fled through the parking lot to his car. 

 Appellant ran to his car and got in on the driver's side, dropping and retrieving
a cell phone in the process. As he got into the car, a young black woman got out of
the car and came toward the store. Endy took her into the store and questioned her
while they waited for the police to arrive.

 Meanwhile, en route to the Sam's Club in response to the robbery call, Humble
Police Department Officer J. Kay saw a car that seemed to match the description of
the suspect's car. The car was approaching him on Humble Westfield Road, about
three or four blocks from the Sam's Club. Officer Kay saw appellant driving, and he
saw appellant's arm briefly come out the window and then go back inside the car. 

 Around 3:30 p.m., as James Powell, a Houston area truck driver was making
his way into work, he noticed a gun on the ground near Humble Westfield Road, near
Sam's Club. He stopped and picked up the gun. He testified that he thought about
calling the police to come get the gun, but because the traffic was becoming heavy,
he decided to take the gun to the police station, about a mile away. 

 At trial the gun was admitted into evidence, over appellant's objection. In
addition, Officer Domingo Villarreal, who examined the gun for fingerprints, testified
that he was not surprised to find no fingerprints on the gun because fingerprints are
not always left behind. Appellant put on no evidence at trial.

 Lesser-Included Offenses


 A jury instruction on a lesser-included offense is warranted when (1) the
lesser-included offense is included within the proof necessary to establish the offense
charged and (2) some evidence exists in the record that would permit a jury rationally
to find that if the defendant is guilty, he is guilty only of the lesser offense. Bignall
v. State, 887 S.W.2d 21, 23 (Tex. Crim App. 1994). In making this determination, a
court of appeals should review all the evidence presented at trial. Id. With respect
to the first step of the analysis, determining whether an offense is a lesser-included
offense of the alleged offense is purely a question of law. Hall v. State, 225 S.W.3d
524, 535 (Tex. Crim. App. 2007). The first step of the analysis does not depend on
the evidence produced at trial. Id. With respect to the second step of the analysis,
anything more than a scintilla of evidence may be sufficient to entitle a defendant to
a lesser charge. Id. at 536. However, it is not enough that the jury may disbelieve
crucial evidence pertaining to the greater offense; there must be some evidence
directly germane to a lesser-included offense for the fact-finder to consider before an
instruction on a lesser-included offense is warranted. Bignall, 887 S.W.2d at 24. "If
a defendant . . . presents no evidence, and there is no evidence otherwise showing he
is guilty only of a lesser-included offense, then a charge on a lesser-included offense
is not required." Id. (emphasis original) (citing Aguilar v. State, 682 S.W.2d 556, 558
(Tex. Crim. App. 1985)).

 In his first two issues, appellant challenges the trial court's failure to include
in the jury charge the lesser-included offenses of theft and robbery. Appellant was
convicted of aggravated robbery. A person commits the offense of aggravated
robbery if he commits robbery as defined in Penal Code section 29.02, and he uses
or exhibits a deadly weapon. Tex. Penal Code Ann. § 29.03(a)(2). A person
commits robbery if, in the course of committing theft, and with intent to obtain or
maintain control of the property, he intentionally or knowingly threatens or places
another in fear of imminent bodily injury or death. Id. § 29.02 (Vernon 2003). A
person commits theft if he unlawfully appropriates property with intent to deprive the
owner of property. Id. § 31.03(a) (Vernon Supp. 2007).

 Appellant did not present any evidence at trial. There was no evidence
otherwise showing he was guilty only of a lesser-included offense. Appellant argues,
essentially, that because the jury could have disbelieved some of the State's
witnesses, the court should have included the lesser-included offenses of theft and
robbery in the jury charge. Under Bignall, that is not sufficient to warrant a jury
charge on the lesser-included offenses of theft and robbery. See Bignall, 887 S.W.2d
at 24. 

 We overrule appellant's first two issues.

Texas Rule of Evidence 403

 In his third issue, appellant contends the trial court erred by admitting the gun
found by James Powell, as well as Powell's testimony, over appellant's Rules 402 and
403 objections. Generally, all relevant evidence is admissible. Tex. R. Evid. 402.
Relevant evidence is that which has a tendency to make the existence of a fact of
consequence more or less probable. Tex. R. Evid. 401. An appellate court will
reverse a trial court's decision to admit evidence only upon a clear abuse of
discretion. Montgomery v. State, 810 S.W.2d 372, 378-79 (Tex. Crim. App. 1990). 
A trial court abuses its discretion when its decision was arbitrary, unreasonable, or
outside of the zone of reasonable disagreement. Id.

 Texas Rule of Evidence 403 states that relevant evidence may be excluded if
its probative value is substantially outweighed by the danger of unfair prejudice,
confusion of the issues, misleading the jury, or considerations of undue delay or
needless presentation of cumulative evidence. Tex. R. Evid. 403. When considering
a Rule 403 objection, the trial court weighs the probative value of the evidence
against the potential for unfair prejudice. Id. There is a presumption that relevant
evidence is more probative than prejudicial. Santellan v. State, 939 S.W.2d 155, 169
(Tex. Crim. App. 1997). As long as the trial court's ruling was within the "zone of
reasonable disagreement," there is no abuse of discretion, and we will uphold the
ruling. Id. at 169.

 The record shows that appellant objected under Rule 403 and that the court
held a hearing outside the presence of the jury. The record shows no specific
objection under Rule 402, only a general argument that the evidence had "no relevant
value at all" in regard to the Rule 403 analysis.

 Powell testified that he found the gun, which was admitted at trial, around the
same time as the aggravated robbery, lying on the road a few blocks away from the
Sam's Club. This was approximately the same location where Officer Kay saw
appellant driving a car matching the description of the suspect's vehicle provided by
police dispatchers at the time of the aggravated robbery, and from which Officer Kay
saw appellant extend his hand and arm out of the window and then back into the car.
Although no fingerprints were found on the gun, at trial, Officer Domingo Villarreal
testified that he was not surprised to find no fingerprints when he tested the gun,
because fingerprints are not always left behind. Endy, Chapman, and Journet all
testified at trial that the gun looked like the gun appellant pointed at Endy. 

 We hold that both the gun and Powell's testimony were relevant because they
tended to make a fact of consequence more probable, i.e., that appellant used or
exhibited a deadly weapon. We further hold that the trial court did not abuse its
discretion in admitting this evidence because its probative value was not outweighed
by the risk of unfair prejudice.

 We overrule appellant's third issue.



Conclusion

 We affirm the judgment of the trial court.




 Sam Nuchia

 Justice


Panel consists of Justices Nuchia, Jennings, and Keyes.


Do not publish. Tex. R. App. P. 47.2(b).