*Court of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*



# MEMORANDUM OPINION

No. 04-10-00325-CR

Sam Otis **REED**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 218th Judicial District Court, Karnes County, Texas
Trial Court No. 09-11-00104-CRK
Honorable Bert Richardson, Judge Presiding

Opinion by:   Rebecca Simmons, Justice

Sitting:   Sandee Bryan Marion, Justice
Rebecca Simmons, Justice
Marialyn Barnard, Justice

Delivered and Filed:  February 9, 2011

AFFIRMED

Appellant Sam Otis Reed appeals his conviction for two counts of assault of a public servant.  His sole issue is that the trial court erred in refusing to include in the jury charge a lesser-included offense of misdemeanor assault.  We affirm the trial court's judgment.

## BACKGROUND

Reed is an inmate in the administrative segregation area of the Texas Department of Criminal Justice Connally Unit in Karnes County.  Inmates in the administrative segregation area

are confined for twenty-three hours a day and are permitted one hour each day for recreation and showering. One morning, correctional facility officer Charles Cody Ryder was escorting inmates to the shower, when an altercation occurred between Reed, Officer Ryder, and another officer, Lorraine Gonzales. As a result of the altercation, Reed was charged with and convicted of two counts of assault of a public officer. Reed appeals his conviction.

**STANDARD OF REVIEW & THE *AGUILAR–ROUSSEAU* TEST**

We review a trial court's omission of a requested lesser-included offense from a jury charge for an abuse of discretion. *See Brock v. State*, 295 S.W.3d 45, 49 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd). Texas courts use the two-prong *Aguilar–Rousseau* test to determine whether a defendant is entitled to a lesser-included offense instruction. *See Hall v. State*, 158 S.W.3d 470, 473 & n.7 (Tex. Crim. App. 2005) (citing *Aguilar v. State*, 682 S.W.2d 556, 558 (Tex Crim. App. 1985); *Rousseau v. State*, 855 S.W.2d 666, 672 (Tex. Crim. App. 1993)). This test requires (1) that the lesser offense actually be a lesser-included offense of the charged offense; and (2) that the record contain some evidence that permits a rational jury to find the defendant guilty only of the lesser-included offense. *Id.*

In determining whether an instruction on a lesser offense is appropriate, we "evaluate[] the evidence in the context of the entire record, but do[] not consider whether the evidence is credible, controverted, or in conflict with other evidence." *Hall*, 158 S.W.3d at 473. "Anything more than a scintilla of evidence [is] sufficient to entitle a defendant to a lesser charge." *Bignall v. State*, 887 S.W.2d 21, 23 (Tex. Crim. App. 1994).

Because the parties agree that misdemeanor assault is a lesser-included offense of the charged offense of assault of a public servant under the first prong of the *Aguilar–Rousseau* test, we consider only the second prong: whether there was some evidence from which a rational jury

could find Reed guilty only of misdemeanor assault. *See Hall*, 158 S.W.3d at 473. A defendant is guilty of misdemeanor assault if he intentionally, knowingly, or recklessly causes bodily injury to another. TEX. PENAL CODE ANN. §§ 22.01(a)(1), (b) (West Supp. 2010). The offense becomes an assault on a public servant, a third-degree felony, if the assault is against a person the actor knows is a public servant while the public servant is lawfully discharging an official duty. *Id.* at § 22.01(b)(1). Reed contends that he was entitled to a lesser-included offense instruction on assault because a rational jury could find from the evidence presented that Officer Ryder and Officer Gonzales were not lawfully discharging their duties.

## DISCUSSION

The Court of Criminal Appeals has referred to Section 9.53 of the Texas Penal Code as the standard for determining whether a correctional facility officer who uses force against an inmate is acting "lawfully." *See Hall*, 158 S.W.3d at 475. Section 9.53 provides:

> An officer or employee of a correctional facility is justified in using force against a person in custody when and to the degree the officer or employee reasonably believes the force is necessary to maintain the security of the correctional facility, the safety or security of other persons in custody or employed by the correctional facility, or his own safety or security.

TEX. PENAL CODE ANN. § 9.53 (West 2003). A correctional facility officer is not acting lawfully if he "tortures, sexually harasses, mutilates or otherwise violates the civil rights of prisoners within his charge while on official duty . . . ." *Hall*, 158 S.W.3d at 474. The relevant inquiry is not who initiates the use of force, but whether the correctional facility officer was justified in initiating the use of force. *See id.* at 475–76. In *Hall*, the Court of Criminal Appeals held that if an inmate refuses to obey a legitimate order, then a correctional facility officer who pushes an inmate for the purpose of facilitating the inmate's compliance with the order is acting lawfully under Section 9.53. *See id.* at 476.

At trial, Officer Ryder and Officer Gonzales testified for the State that Reed was violating a legitimate order. Officer Ryder testified that he had started escorting Reed from his cell to the showers when he saw that Reed's left hand was not bound by handcuffs. Officer Ryder testified that when he saw that Reed's left hand was not bound by handcuffs, he instructed Reed to place both of his hands behind his back. He further testified that he saw Reed raise up his right hand with the handcuff attached and begin "chuckling and laughing." Officer Ryder testified that Reed continued to laugh as he walked toward the shower. He then testified that Officer Gonzales, who was standing between Reed's cell and the shower, also instructed Reed several times to put his hands behind his back; that Reed continued to walk toward the shower; and that Reed started yelling at Officer Gonzales and grabbed her by her collar. Officer Gonzales also testified that she ordered Reed to put his hands behind his back three times, and that he never complied. She further testified that Reed grabbed her by the collar and called her a "bitch" and other names.

Several inmates testified for the defense. Inmate Paul Reisch was in the cell in between Reed's cell and the shower. Reisch testified that he started watching the incident after Officer Ryder had escorted Reed past his cell. He testified that he saw Officer Ryder yanking Reed by the arm "for reasons I have no idea." He testified that he then saw Officer Gonzales put her hands on Reed's chest and "push[] him back a little bit." He testified that he believed that Officer Gonzales was the first aggressor. Inmate Eric Lofland had a cell that was several cells down from Reed's cell further away from the shower. He testified that his view of what occurred was limited, that he heard some "commotion," and that he heard Officer Gonzales say "come on and do it. Bring it on." Inmate Kevin Jones, who had a cell on another row, testified that he heard Officer Gonzales say "Do something," several times, and that Reed said a couple

times, "Get off me." Inmate Robert Najar testified that he also heard Officer Gonzales say, "Come on, bring it on." Another inmate, Matthew Whitmire, testified that he saw Officer Ryder pull Reed by the arm and that Reed told Officer Ryder, "You know . . . what are you tripping on? You need to pay attention." Finally, Whitmire testified that Reed said that he did not have any handcuffs on, and Whitmire also believed that Officer Gonzales was the first aggressor.

None of the defense witnesses contradicted the testimony of Officer Ryder or Officer Gonzales that Reed was not properly restrained by the handcuffs. In addition, none of the defense witnesses contradicted Officer Ryder's and Officer Gonzales' testimony that Reed was ordered to put his hands behind his back. Finally, none testified that Reed complied with the officers' orders to put his hands behind his back. Thus, because uncontroverted evidence supported that Officer Ryder and Officer Gonzales ordered Reed to put his hands behind his back and that Reed failed to comply with this order, Officer Reed and Officer Gonzales were justified in using force against Reed to the degree they reasonably believed was "necessary to maintain the security of the correctional facility." *See* TEX. PENAL CODE ANN. § 9.53; *Hall*, 158 S.W.3d at 474. Even if the inmates' testimony suggests that Officer Gonzales was the first aggressor, or the first to push Reed, and that Officer Ryder had yanked Reed by the arm toward the shower, this would not controvert the evidence that Reed failed to comply with a lawful order of an officer. As a result, no rational jury could find from the inmates' testimony that Officer Ryder or Officer Gonzales were not lawfully discharging their duties. *See Hall*, 158 S.W.3d at 474; *see also* TEX. PENAL CODE ANN. § 9.53.

Reed introduced evidence that Officer Gonzales and Officer Ryder were not complying with standard policies and procedures because Officer Ryder: (1) was written up for failing to double lock Reed's handcuffs; (2) started the showering order for the inmates in reverse order;

and (3) let Reed out of his cell without restraints.  However, the Court in *Hall* explained that "evidence of the violation of internal prison policies and procedures does not suffice to raise a valid, rational conclusion that [a correctional facility officer] was criminally or tortiously abusing his official office or duties at the time of the assault."  158 S.W.3d at 476.

## CONCLUSION

Because there was no evidence that Officer Ryder or Officer Gonzales was acting unlawfully, Reed was not entitled to a lesser-included offense instruction in the jury charge.  The judgment of the trial court is therefore affirmed.

Rebecca Simmons, Justice

DO NOT PUBLISH