MEMORANDUM OPINION

 

No. 04-10-00325-CR

 

Sam Otis Reed,

Appellant

 

v.

 

The State of Texas,

Appellee

 

From the 218th
Judicial District Court, Karnes County, Texas

Trial Court No. 09-11-00104-CRK

Honorable Bert
Richardson, Judge Presiding

 

Opinion by:   Rebecca Simmons, Justice

 

Sitting:                     Sandee Bryan Marion, Justice

                     Rebecca
Simmons, Justice

                     Marialyn
Barnard, Justice

 

Delivered and
Filed:  February 9, 2011

 

AFFIRMED

 

Appellant Sam Otis Reed appeals his conviction for
two counts of assault of a public servant.  His sole issue is that the trial
court erred in refusing to include in the jury charge a lesser-included offense
of misdemeanor assault.  We affirm the trial court’s judgment.

Background

           Reed
is an inmate in the administrative segregation area of the Texas Department of
Criminal Justice Connally Unit in Karnes County.  Inmates in the administrative
segregation area are confined for twenty-three hours a day and are permitted
one hour each day for recreation and showering.  One morning, correctional
facility officer Charles Cody Ryder was escorting inmates to the shower, when
an altercation occurred between Reed, Officer Ryder, and another officer,
Lorraine Gonzales.  As a result of the altercation, Reed was charged with and
convicted of two counts of assault of a public officer.  Reed appeals his
conviction.

Standard of Review & the
Aguilar–Rousseau Test

We review a trial court’s
omission of a requested lesser-included offense from a jury charge for an abuse
of discretion.  See Brock v. State, 295 S.W.3d 45, 49 (Tex.
App.—Houston [1st Dist.] 2009, pet. ref’d).  Texas courts use the two-prong Aguilar–Rousseau
test to determine whether a defendant is entitled to a lesser-included offense
instruction.  See Hall v. State, 158 S.W.3d 470, 473 & n.7 (Tex. Crim.
App. 2005) (citing Aguilar v. State, 682 S.W.2d 556, 558 (Tex Crim. App.
1985); Rousseau v. State, 855 S.W.2d 666, 672 (Tex. Crim. App. 1993)).  This
test requires (1) that the lesser offense actually be a lesser-included offense
of the charged offense; and (2) that the record contain some evidence that
permits a rational jury to find the defendant guilty only of the
lesser-included offense.  Id.

In determining whether an
instruction on a lesser offense is appropriate, we “evaluate[] the evidence in
the context of the entire record, but do[] not consider whether the evidence is
credible, controverted, or in conflict with other evidence.”  Hall, 158
S.W.3d at 473.  “Anything more than a scintilla of evidence [is] sufficient to
entitle a defendant to a lesser charge.”  Bignall v. State, 887 S.W.2d
21, 23 (Tex. Crim. App. 1994).  

           Because the parties agree that
misdemeanor assault is a lesser-included offense of the charged offense of
assault of a public servant under the first prong of the Aguilar–Rousseau
test, we consider only the second prong: whether there was some evidence from
which a rational jury could find Reed guilty only of misdemeanor assault.  See
Hall, 158 S.W.3d at 473.  A defendant is guilty of misdemeanor assault if
he intentionally, knowingly, or recklessly causes bodily injury to another.  Tex. Penal Code Ann. §§ 22.01(a)(1),
(b) (West Supp. 2010).  The offense becomes an assault on a public servant, a
third-degree felony, if the assault is against a person the actor knows is a
public servant while the public servant is lawfully discharging an official
duty.  Id. at § 22.01(b)(1).  Reed contends that he was entitled to a
lesser-included offense instruction on assault because a rational jury could
find from the evidence presented that Officer Ryder and Officer Gonzales were
not lawfully discharging their duties.  

Discussion

           The Court of Criminal Appeals has
referred to Section 9.53 of the Texas Penal Code as the standard for
determining whether a correctional facility officer who uses force against an
inmate is acting “lawfully.”  See Hall, 158 S.W.3d at 475.  Section 9.53
provides:

An officer or employee of a
correctional facility is justified in using force against a person in custody
when and to the degree the officer or employee reasonably believes the force is
necessary to maintain the security of the correctional facility, the safety or
security of other persons in custody or employed by the correctional facility,
or his own safety or security.

 

Tex. Penal
Code Ann. § 9.53 (West 2003).  A correctional facility officer is not
acting lawfully if he “tortures, sexually harasses, mutilates or otherwise
violates the civil rights of prisoners within his charge while on official duty
. . . .”  Hall, 158 S.W.3d at 474.  The relevant inquiry is not who
initiates the use of force, but whether the correctional facility officer was
justified in initiating the use of force.  See id. at 475–76.  In Hall,
the Court of Criminal Appeals held that if an inmate refuses to obey a
legitimate order, then a correctional facility officer who pushes an inmate for
the purpose of facilitating the inmate’s compliance with the order is acting
lawfully under Section 9.53.  See id. at 476.  

           At trial, Officer Ryder and Officer
Gonzales testified for the State that Reed was violating a legitimate order. 
Officer Ryder testified that he had started escorting Reed from his cell to the
showers when he saw that Reed’s left hand was not bound by handcuffs.  Officer
Ryder testified that when he saw that Reed’s left hand was not bound by
handcuffs, he instructed Reed to place both of his hands behind his back.  He
further testified that he saw Reed raise up his right hand with the handcuff
attached and begin “chuckling and laughing.”  Officer Ryder testified that Reed
continued to laugh as he walked toward the shower.  He then testified that
Officer Gonzales, who was standing between Reed’s cell and the shower, also
instructed Reed several times to put his hands behind his back; that Reed
continued to walk toward the shower; and that Reed started yelling at Officer
Gonzales and grabbed her by her collar.  Officer Gonzales also testified that
she ordered Reed to put his hands behind his back three times, and that he
never complied.  She further testified that Reed grabbed her by the collar and
called her a “bitch” and other names.  

           Several inmates testified for the
defense.  Inmate Paul Reisch was in the cell in between Reed’s cell and the
shower.  Reisch testified that he started watching the incident after Officer
Ryder had escorted Reed past his cell.  He testified that he saw Officer Ryder
yanking Reed by the arm “for reasons I have no idea.”  He testified that he
then saw Officer Gonzales put her hands on Reed’s chest and “push[] him back a
little bit.”  He testified that he believed that Officer Gonzales was the first
aggressor.  Inmate Eric Lofland had a cell that was several cells down from
Reed’s cell further away from the shower.  He testified that his view of what
occurred was limited, that he heard some “commotion,” and that he heard Officer
Gonzales say “come on and do it.  Bring it on.”  Inmate Kevin Jones, who had a
cell on another row, testified that he heard Officer Gonzales say “Do
something,” several times, and that Reed said a couple times, “Get off me.” 
Inmate Robert Najar testified that he also heard Officer Gonzales say, “Come
on, bring it on.”  Another inmate, Matthew Whitmire, testified that he saw
Officer Ryder pull Reed by the arm and that Reed told Officer Ryder, “You know
. . . what are you tripping on?  You need to pay attention.”  Finally, Whitmire
testified that Reed said that he did not have any handcuffs on, and Whitmire
also believed that Officer Gonzales was the first aggressor.  

           None of the defense witnesses
contradicted the testimony of Officer Ryder or Officer Gonzales that Reed was
not properly restrained by the handcuffs.  In addition, none of the defense
witnesses contradicted Officer Ryder’s and Officer Gonzales’ testimony that
Reed was ordered to put his hands behind his back.  Finally, none testified
that Reed complied with the officers’ orders to put his hands behind his back. 
Thus, because uncontroverted evidence supported that Officer Ryder and Officer
Gonzales ordered Reed to put his hands behind his back and that Reed failed to
comply with this order, Officer Reed and Officer Gonzales were justified in
using force against Reed to the degree they reasonably believed was “necessary
to maintain the security of the correctional facility.”  See Tex. Penal Code Ann. § 9.53; Hall,
158 S.W.3d at 474.  Even if the inmates’ testimony suggests that Officer
Gonzales was the first aggressor, or the first to push Reed, and that Officer
Ryder had yanked Reed by the arm toward the shower, this would not controvert
the evidence that Reed failed to comply with a lawful order of an officer.  As
a result, no rational jury could find from the inmates’ testimony that Officer
Ryder or Officer Gonzales were not lawfully discharging their duties.  See Hall,
158 S.W.3d at 474; see also Tex.
Penal Code Ann. § 9.53.  

           Reed introduced evidence that Officer
Gonzales and Officer Ryder were not complying with standard policies and
procedures because Officer Ryder: (1) was written up for failing to double lock
Reed’s handcuffs; (2) started the showering order for the inmates in reverse
order; and (3) let Reed out of his cell without restraints.  However, the Court
in Hall explained that “evidence of the violation of internal prison
policies and procedures does not suffice to raise a valid, rational conclusion
that [a correctional facility officer] was criminally or tortiously abusing his
official office or duties at the time of the assault.”  158 S.W.3d at 476.  

Conclusion

           Because there was no evidence that
Officer Ryder or Officer Gonzales was acting unlawfully, Reed was not entitled
to a lesser-included offense instruction in the jury charge.  The judgment of
the trial court is therefore affirmed.  

Rebecca Simmons, Justice

 

DO NOT PUBLISH