

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-25-00201-CR

---

JOSHUA MOLINAR, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 140th District Court
Lubbock County, Texas
Trial Court No. DC-2025-CR-1204, Honorable Douglas H. Freitag, Presiding

---

April 2, 2026

OPINION

Before PARKER, C.J., and DOSS and YARBROUGH, JJ.

Appellant, Joshua Molinar, appeals from his conviction for the offense of aggravated kidnapping and resulting sentence of 55 years' incarceration.[1] Appellant's sole issue contends that the trial court abused its discretion by denying Appellant's request for a jury instruction on the lesser-included offense of unlawful restraint.

---

[1] Appellant was convicted of one count of aggravated kidnapping and one count of aggravated sexual assault. He was sentenced to 55 years' incarceration for each offense. While Appellant's notice of appeal simply challenges the judgment, his sole appellate issue is addressed exclusively to the aggravated kidnapping conviction.

Concluding that Appellant failed to preserve his appellate issue, we affirm the trial court's judgment.

## BACKGROUND

On March 29, 2023, Deborah Martinez approached Appellant, who was on the front porch of his home, and asked if she could use his phone. According to Martinez, as soon as she entered Appellant's home, he dragged her by the hair into a back bedroom where he physically and sexually assaulted her for hours. At some point, Martinez broke the bedroom window. When Appellant attempted to move Martinez, she was able to escape his grasp and run out of the house. Law enforcement was contacted. Martinez was taken to a hospital and police responded to Appellant's home. Appellant's father gave the police consent to search the home. Appellant was found in a handmade bunker in the backyard. After Appellant refused to come out of the bunker, police deployed tear gas, which forced Appellant out. Appellant was then taken into custody.

Appellant was indicted on one count of aggravated kidnapping and one count of aggravated sexual assault. The case proceeded to trial. At the close of evidence, Appellant requested that the jury charge include an instruction on the lesser-included offense of unlawful restraint. This request was denied by the trial court. At the close of trial, Appellant was found guilty of both counts and sentenced as provided above. After his motion for new trial was denied by operation of law, he timely filed the instant appeal.

## STANDARD OF REVIEW

The denial of a lesser-included offense instruction is reviewed for an abuse of discretion. *Chavez v. State*, 666 S.W.3d 772, 776 (Tex. Crim. App. 2023). Whether a

defendant is entitled to a lesser-included offense instruction depends on a two-part inquiry. *Id*. First, courts must compare the statutory elements of the alleged lesser offense with the statutory elements of the greater offense as stated in the charging instrument to determine whether the lesser offense is included within proof of the greater offense. *Id*.; *Lang v. State*, 664 S.W.3d 155, 164 (Tex. Crim. App. 2022). If it is, the lesser-included offense must be submitted if some evidence in the record would permit a rational jury to find that, if the defendant is guilty, he is guilty only of the lesser-included offense. *Chavez*, 666 S.W.3d at 776; *Hall v. State*, 225 S.W.3d 524, 536 (Tex. Crim. App. 2007). This guilt-only requirement is met if there is affirmative evidence that raises the lesser offense and rebuts or negates other evidence establishing the greater offense. *Chavez*, 666 S.W.3d at 776. The evidence must present the lesser-included offense as a valid, rational alternative to the greater offense. *Id*. at 777. "[I]f the defendant presents evidence that he committed no offense at all . . . a charge on [a] lesser offense . . . is not required." *Aguilar v. State*, 682 S.W.2d 556, 558 (Tex. Crim. App. 1985).

## ANALYSIS

Appellant's sole issue contends that the trial court abused its discretion in refusing to instruct the jury regarding unlawful restraint. As previously identified, we must first determine whether the requested instruction is for an offense that is statutorily a lesser-included offense to the charged offense. *Chavez*, 666 S.W.3d at 776. If it is, then we must determine whether some record evidence would permit a rational jury to find Appellant guilty only of the lesser-included offense. *Id*.

3

Unlawful restraint has been held to be a lesser-included offense of aggravated kidnapping. *See Schweinle v. State*, 915 S.W.2d 17, 19 (Tex. Crim. App. 1996) (holding false imprisonment, which has been renamed unlawful restraint, to be lesser-included offense of aggravated kidnapping); *Mayer v. State*, 274 S.W.3d 898, 900 (Tex. App.— Amarillo 2008, pet. ref'd) (unlawful restraint is lesser-included offense of aggravated kidnapping). Thus, Appellant has satisfied the first part of the test. Aggravated kidnapping, as alleged in the present case, required the State to prove that Appellant intentionally or knowingly abducted Martinez with the intent to inflict bodily injury on her or to violate or abuse her sexually. *See* TEX. PENAL CODE § 20.04(a)(4). Unlawful restraint would require proof that Appellant intentionally or knowingly restrained Martinez. *See id*. § 20.02(a).

Next, we must determine whether some record evidence would allow a rational jury to determine that, if Appellant is guilty, he is guilty only of unlawful restraint. Appellant contends that his custodial statement to Detective Winters required the trial court to submit an instruction on the offense of unlawful restraint. Most of the evidence highlighted by Appellant indicates that he did not commit either kidnapping or unlawful restraint.[2] *See Aguilar*, 682 S.W.2d at 558 (lesser-included offense instruction not required when defendant presents evidence that he committed no offense). The only evidence Appellant points to that could raise the issue that Appellant was guilty only of unlawful restraint is his statement, referring to Martinez, that "I ain't fixing to let you leave like that . . . cause

---

[2] Appellant highlights his version of the events, in which he claims that Martinez voluntarily entered his residence, voluntarily walked to his bedroom, had an anxiety attack that led to her breaking his window, and offered Appellant $100 or sex as payment for having broken the window. Clearly, if the jury believed this evidence, Appellant would not be guilty of either kidnapping or unlawful restraint.

you're all bleeding and I wanted you to sit there and like clean yourself up." Appellant did not specifically refer to this evidence when arguing for inclusion of an instruction on unlawful restraint.

"To preserve error with respect to a requested [lesser-included offense] instruction, the defendant must point to evidence in the record that raises it." *Green v. State*, 713 S.W.3d 865, 875 (Tex. Crim. App. 2025) (citing *Williams v. State*, 662 S.W.3d 452, 461 (Tex. Crim. App. 2021)). In other words, the defendant "must specify the evidence that negates the greater offense and supports the lesser." *Id*. "Absent that specificity, any error in refusing the instruction would be preserved only if the specific evidence raising the [lesser-included offense] is manifest." *Id*. (citing *Williams*, 662 S.W.3d at 462).

At the charge conference, Appellant objected to the jury charge failing to include an instruction on unlawful restraint. However, Appellant's request did not specify any evidence either raising the offense of unlawful restraint or negating the offense of aggravated kidnapping. Appellant's counsel said,

> Judge, we still believe that we should be entitled to unlawful restraint.[3] I believe the Court has not added that in there. Regarding unlawful restraint, your Honor, we believe that in Court of Criminal Appeals, I don't know how to say that, Schwiele vs. Texas, S-C-H-W-I-E-L-E. We believe that particularly, Judge, in the Court's opinion the Court indicates that kidnapping is accomplished by abduction, which includes restraint. And then -- but false imprisonment was committed by restraint only. Thus[, f]alse imprisonment is a lesser[-]included offense of kidnapping and aggravated kidnapping. And, Judge, as the Court well knows since then false imprisonment has been changed to unlawful restraint. So, for that reason, Judge, we believe that should be added.

---

[3] Our review of the record reflects that Appellant did not previously raise the issue of his entitlement to an instruction on unlawful restraint.

5

Appellant's request simply argued that unlawful restraint is a statutory lesser-included offense of aggravated kidnapping and, thus, the jury charge should instruct the jury on unlawful restraint. Because Appellant did not point to any evidence that would have entitled him to an instruction on unlawful restraint, he failed to preserve his complaint unless the evidence was manifest. *Id.* The evidence Appellant points to on appeal as raising the issue consists solely of a single statement he made during an hour-long interview that was presented during a four-day trial. We cannot conclude that such evidence manifestly raises the issue of unlawful restraint. Because we conclude that Appellant failed to preserve his complaint regarding his requested lesser-included offense, we overrule his sole issue.

## CONCLUSION

Having overruled Appellant's sole issue, we affirm the judgment of the trial court.

Judy C. Parker
Chief Justice

Publish.

6